**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DAVID JOE DYER

        Debtor

Case No. 07-32281

**MEMORANDUM ON OBJECTION TO
CONFIRMATION OF PLAN AND PLAN TERMS
FILED BY AMERICREDIT FINANCIAL SERVICES**

**APPEARANCES:**   BOND, BOTES & LAWSON, P.C.
   Cynthia T. Lawson, Esq.
   5418 Clinton Highway
   Knoxville, Tennessee  37912
   Attorneys for Debtor

   HALE, DEWEY & KNIGHT, PLLC
   Holly N. Knight, Esq.
   Christopher M. Kerney, Esq.
   424 Church Street
   Suite 1505
   Nashville, Tennessee  37219
   Attorneys for AmeriCredit Financial Services

   GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee  37901-0227
   Chapter 13 Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection to Confirmation of Plan and Plan Terms Filed By AmeriCredit Financial Services (Objection to Confirmation) filed on July 26, 2007, by AmeriCredit Financial Services (AmeriCredit). The court held a preliminary hearing on the Objection to Confirmation on October 3, 2007, at which time, the parties agreed that the matter should be decided on stipulations and briefs. Pursuant to the court's October 5, 2007 Order, the parties filed Joint Stipulations of Facts and Issues on October 15, 2007.[1] AmeriCredit filed its Memorandum of Facts and Law in Support of Objection to Confirmation By AmeriCredit Financial Services on October 29, 2007, and on October 30, 2007, the Debtors' [sic] Brief in Support of Surrendering Collateral of AmeriCredit's 2006 Dodge Ram Truck, "In Full Satisfaction of the Debt" was filed by the Debtor.[2] Because the identical issues raised by AmeriCredit have been decided by the court in two prior cases, *In Re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006) and *In re Steakley*, 360 B.R. 769 (Bankr. E.D. Tenn. 2007), the Objection to Confirmation will be overruled.

The Debtor filed the Voluntary Petition commencing his bankruptcy case under Chapter 13 of the Bankruptcy Code on July 18, 2007. AmeriCredit is a secured creditor of the Debtor, holding a claim in the amount of $19,068.22 secured by a 2006 Dodge Ram. The Debtor's Chapter 13 Plan (Plan), filed on July 18, 2007, proposes weekly payments of $70.00 for 36 months, plus payment of all tax refunds, resulting in a projected dividend of 20-70% to nonpriority unsecured creditors. With respect to AmeriCredit's claim, the Plan proposes to surrender the Ram "in full satisfaction of debt."

---

[1] Objections to confirmation were also filed by Classic Credit Company, Inc., and the Chapter 13 Trustee on August 23, 2007. A confirmation hearing on these objections is scheduled for November 14, 2007. On October 29, 2007, the Debtor filed an Amended Plan, and on October 30, 2007, Classic Credit Company, Inc., withdrew its objection. The confirmation hearing is still scheduled for November 14, 2007.

[2] The court also takes judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of all undisputed material facts of record in the Debtor's bankruptcy case file.

2

The Amended Plan filed on October 29, 2007, extends the life of the plan to 60 months and increases the proposed dividend to nonpriority unsecured creditors to 100%, but it does not alter the proposed treatment of AmeriCredit's claim.

Pursuant to the October 5, 2007 scheduling order, the sole issue the court is called upon to resolve is "whether 11 U.S.C. § 1325(a)(5) (2005), in conjunction with the 'hanging paragraph' in 11 U.S.C. § 1325(a) (2005), allows the Debtor to surrender AmeriCredit Financial Services' collateral, a 2006 Dodge Ram pickup truck, 'in full satisfaction of debt.'"

Section § 1325(a) provides, in material part:

> (a) Except as provided in subsection (b), the court shall confirm a plan if—
>
> . . . .
>
>> (5) with respect to each allowed secured claim provided for by the plan—
>>
>>> (A) the holder of such claim has accepted the plan;
>>>
>>> (B)(i) the plan provides that—
>>>
>>>> (I) the holder of such claim retain the lien securing such claim until the earlier of—
>>>>
>>>>> (aa) the payment of the underlying debt determined under nonbankruptcy law; or
>>>>>
>>>>> (bb) discharge under section 1328; and
>>>>
>>>> (II) if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;

>    (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
>
>    (iii) if—
>
>       (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>
>       (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>    (C) the debtor surrenders the property securing such claim to such holder;
>
>    . . . .
>
>    For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [period[3]] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing[.]

11 U.S.C. § 1325(a) (2005).

In *Ezell*, the court determined that 11 U.S.C. § 1325(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, removed the ability of secured creditors to bifurcate their claims under 11 U.S.C. § 506(a) (2005) when the provisions of the alphanumeric paragraph located at the end of § 1325(a) are met. Accordingly, under this "Anti-Cramdown Provision," once the requirements therein are met, debtors wishing to retain collateral under

---

[3] The court supplies this word which was presumably inadvertently omitted by the drafters of the statute.

§ 1325(a)(5)(B) must pay the full amount of the secured claim, and debtors wishing to surrender collateral under § 1325(a)(5)(C) do so in full satisfaction of the debt. *Ezell*, 338 B.R. at 340. In *Steakley*, the court expanded *Ezell*, holding that the Bankruptcy Code preempts state law with respect to modification of creditors' rights, and § 1325(a)(5)(C) in conjunction with other provisions of the Bankruptcy Code, including 11 U.S.C. § 1322 (2005) and the Anti-Cramdown Provision, leaves no avenue for a creditor to properly claim a deficiency balance under state law or the Uniform Commercial Code. *Steakley*, 360 B.R. at 773-74.

All of the applicable requirements set forth in the Anti-Cramdown Provision apply in this case. The Ram was purchased by the Debtor for his personal use on November 27, 2006, within the 910-day period set forth in the statute, and the Retail Installment Contract executed by the Debtor constitutes a purchase money security interest securing the Dodge Ram. Accordingly, based upon the *Ezell* and *Steakley* decisions, which are controlling before this court on this issue, § 506(a) does not apply to AmeriCredit's claims, the Anti-Cramdown Provision solidifies its position as a fully secured creditor of the Debtor without regard to whether the proposed treatment is retention or surrender, and there is no avenue by which AmeriCredit may bifurcate its fully secured claim and file a deficiency claim. The Objection to Confirmation filed by AmeriCredit Financial Services shall be overruled.

FILED: November 5, 2007

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE